UNITED STATES DISTRIC COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

LACHANCE DEON BRYANT,

                                Plaintiff,                      Civil Action No.: CV-17-7482

            v.                                                  **ANSWER**

PETER RYAN and JOHN LEDDY.

                              Defendants.
-------------------------------------------------------------------x

      Defendants, PETER RYAN and JOHN LEDDY, by their attorneys CAMPOLO MIDDLETON & McCORMICK, LLP, as and for their Answer to the Complaint in this action dated January 17, 2018 ("Complaint") set forth as follows:

      1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "I.A" of the Complaint.

      2.     Admit the truth of the allegations contained in paragraph numbered "I.B" of the Complaint.

      3.     As to the location and time of the incident as alleged in paragraph "II" of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained thereof. As to facts alleged in paragraph numbered "II" of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except admit that the Defendants are Long Beach Police Officers and at the time of the incident were acting in such official capacity.

      4.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "II.A" of the Complaint.

5.      Defendants deny the truth of the allegations contained in paragraph "III" of the Complaint, and respectfully refer all questions of law to the Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

6.      Plaintiff's Complaint fails to state a cause of action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

7.      Plaintiff's Complaint fails to state a claim under 42 U.S.C. §1983 as the conduct alleged in Plaintiff's Complaint does not involve any particular right arising under the US Constitution, and further no violation of any constitutional right has been pleaded with the requisite particularity.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

8.      Defendants' actions were constitutional and thus did not deprive Plaintiff of any rights.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

9.      Defendants' are immune from liability under the doctrine of qualified immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

10.     Defendants' are immune to liability under the doctrine of absolute immunity.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

11.     Defendants' actions were justified, reasonable, based on sufficient legal cause, and in good faith at all times.

## AS AND FOR THE SEVENTH AFFIRMATIVE DEFENSE

12.     Defendant's actions were within the scope of their authority and office.

## AS AND FOR THE EIGHT AFFIRMATIVE DEFENSE

13.     Defendant failed to comply with and exhaust the statutory prerequisites, including but not limited to the requirements under the New York General Municipal Law, in order to

[2202-004/1462378/1]                                    2

bring this claim.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

14.     Defendants did not interfere with any federal, state, constitutional, or statutory right of Plaintiff, and Plaintiff did not suffer any actual deprivation of any rights secured by the Constitution or the laws of the United States or New York.

### AS AND FOR A TENTHAFFIRMATIVE DEFENSE

15.     Defendants actions under the circumstances were discretionary, rational, reasonable and within the scope of their authority and duties as public officials.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

16.     Plaintiff's claims are barred for lack of standing.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

17.     Plaintiff's claims are barred by the doctrines of collateral estoppel and res judicata.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

18.     Defendants' actions were statutorily and constitutionally proper and appropriate, and Plaintiff's rights were not violated.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

19.     The Complaint is barred because probable cause existed, and excessive force was not used.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

20.     Plaintiff is barred from recovering punitive damages against the City of Long Beach and/or the Long Beach Police Department and its municipal employees by the doctrine of municipal immunity from punitive damages.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

21.     Plaintiff had no right to resist arrest by Defendants, and Plaintiff himself is responsible for all injuries caused by his own resistance.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

22.     Plaintiff's actions were illegal.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

23.     The Complaint lacks any underlying constitutional violation.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

24.     This Court lacks jurisdiction over Plaintiff's state law claims (to the extent asserted); alternatively, this Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

25.     The alleged acts or omissions of Defendants were not the proximate cause of any injuries or damages incurred by Plaintiff.  Any injuries or damages incurred by Plaintiff were the result of his own actions, the actions of others and/or the superseding intervention of causes outside the control of Defendants.

## AS AND FOR A TWENTY-FRIST AFFIRMATIVE DEFENSE

26.     Pursuant to New York Civil Procedure Law and Regulations ("CPLR") Section 1603, the Defendants assert the limitations contained in CPLR 1601 and 1602 and all rights contained therein.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

27.     If the Plaintiff sustained the damages as alleged in the Complaint, such damages were sustained through and by virtue of the negligence and/or wrongful conduct, acts or

omissions of a third party, without any negligence, wrongdoing, acts or omissions on the part of the Defendants contributing thereto.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**

28.     If the Plaintiff sustained the damages as alleged in the Complaint, such damages were sustained solely through and by virtue of the negligence and/or wrongful conduct of the Plaintiff alone, without any negligence or wrongdoing on the part of the Defendants contributing thereto.

**AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE**

29.     Should the Plaintiff recover damages as a result of a finding of liability in whole or in part as against Defendants, such recover should be reduced and diminished in proportion to the degree of comparative negligence and/or wrongdoing of Plaintiff in contributing to such damages.

**WHEREFORE**, Defendants respectfully request an order and judgment dismissing the Complaint in its entirety, together with the costs and disbursements and legal fees incurred herein and such other, further and different relief as to the Court seems just and proper.

Dated:  March 28, 2018
        Ronkonkoma, New York

                          **CAMPOLO, MIDDLETON
                          & McCORMICK, LLP**

                    By: _____
                          Meghan M. Dolan, Esq.
                          *Attorneys for Defendants*
                          4175 Veterans Memorial Highway
                          Suite 400
                          Ronkonkoma, NY 11779
                          (631) 738-9100