

May 7, 2019

Judge Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

**Re: Bryant v. Ryan et. al.
       Docket #: CV-17-7482**

Dear Judge Bianco:

This office represents the City of Long Beach police officer defendants ("Defendants" or "Long Beach") in this action. Pursuant to the Magistrate's Scheduling Order, discovery was to be completed by April 17, 2019. Discovery has been exchanged by both parties. Defendants are satisfied that discovery is complete, and no subsequent correspondence or demands have been received from Plaintiff, *pro se*.

At this time, Defendants request a Pre-Motion Conference wherein a briefing schedule be set so that Defendants may bring a summary judgment motion pursuant to FRCP 56 to dismiss this action in its entirety as a matter of law, as no issues of material fact exist. Plaintiff's Complaint seeks damages as a result of Plaintiff's constitutional claim that excessive force was used in connection with his arrest on December 25, 2016. Based upon the discovery in this matter, Plaintiff's own deposition, and the supporting evidence from Defendants, Plaintiff cannot make a prima facie case for excessive force against named Defendants Peter Ryan and John Leddy, City of Long Beach Police Officers.

As detailed in Defendants' sworn Rule 26a disclosures (attached hereto as **Exhibit "A"**), and which will also be sworn to via Affidavit in support of Defendants' Rule 56 motion, Plaintiff's arrest on December 25, 2016 stems from a 911 call received by Long Beach Police Department. In that call, the complaining witness, Plaintiff's aunt, stated that Plaintiff had just threatened her with a gun(s), and she reported what Plaintiff was wearing and in which direction he ran at that time – toward the Long Beach LIRR station. Within minutes, Plaintiff, who was known to the local Long Beach officers, was located by Long Beach Police Officers and told to stop by name. He ignored those warnings and fled from the uniformed police officers who continued to call out his name, and subsequently Plaintiff hid between cars near the Long Beach LIRR station.

The Defendant Officers continued to search the area for Plaintiff while travelling in their marked police vehicle. The Defendant Officers had information Plaintiff was in possession of at least one gun. After a few minutes, Plaintiff ran out from behind the cars and directly into the path of the marked police vehicle, which impact knocked Plaintiff to the ground. Defendant Officers immediately got out of the vehicle and subdued Plaintiff, so they could protect the scene and search Plaintiff. At that time, when Defendants exited their police vehicle, Plaintiff was found to

be in possession of a loaded gun, and another gun and magazine were subsequently recovered from the vicinity of Plaintiff and the route he took to flee.

All of the above facts were confirmed and admitted by Plaintiff at his deposition. Plaintiff's transcript is attached as **Exhibit "B"**. Plaintiff admitted that at the time of the incident with his aunt, he was carrying two loaded guns which he was not licensed to carry, and that he pulled those guns on his aunt, the 911-caller, in order to "put her in fear…I wanted to do something to her…If I wanted to kill her, I would have killed her." (Exh. B at p. 28-30, 35). He further testified that after he left his aunt's house, an Officer saw him near the LIRR station and called his name to stop. Once he heard that, Plaintiff testified he took off running and hid between two cars. He testified that it was in fact his intention to keep running and avoid an arrest. He testified that if he had made it to the sidewalk "I know they wouldn't have caught me." (Exh. B at p. 32-33, 36, 60-61).

Plaintiff stated that after a short while hiding between the cars, as he was looking behind him to see if the other officer was still that, that he "ran out" forwards and into the path of a marked police vehicle. He testified that he only ran for about three steps before the impact and that only "two seconds" elapsed from the time he ran out from between the cars and the time he was hit by the police vehicle. He testified "I didn't know there was a car coming" and that he wasn't paying attention to the car or where he was running as he was looking behind him at the time of impact. (Exh. B at p. 37-41, 43-45).

Plaintiff further testified that the police car contacted his legs, and his face hit the windshield. He stated that after the impact – and prior to his person being searched – an Officer put his foot on Plaintiff's back and told him to stay down, and that he was then handcuffed. Plaintiff and one of the Defendant Officers were taken to the hospital for medical treatment that night.

Plaintiff testified that his claims for excessive force stem from both the hit with the police vehicle, as well as the officers having a foot on his back. Plaintiff notably testified that the officer had his foot on Plaintiff's back to keep him down *prior* to him being searched, and further admitted that at the time he then was searched, that he did in fact have a .38 revolver on him. (Exh. B at p. 35, 46-, 55.)

The basis of Defendants' proposed Motion for Summary Judgment is that no issue of fact exists in this action to support Plaintiff's allegations that excessive force was used in his arrest, and thus that Defendants are entitled to dismissal of this action in its entirety as a matter of law. As the Court is aware, the test when examining excessive for is one of reasonableness and must be examined through the context of the specific facts at play in the action. *Lemmo v. McKoy,* No. 08-cv4264, 2011 WL 843974 (E.D.N.Y. Mar. 8, 2011); *Tracy v. Freshwater*, 623 F.3d 90, 96 (2d Cir. 2010).

Courts may consider in their analysis: the severity of the crime, whether the suspect posed an immediate threat to those around him, and whether the suspect was actively resisting arrest. *Brown v. City of New York*, 798 F.3d 94, 100 (2d Cir. 2015); *Pooler v. Hempstead Police Dep't*, 897 F. Supp. 2d 12, 25 (E.D.N.Y. 2012). In this matter, all three of the above factors are at play: Plaintiff threatened someone with a loaded gun, was still in possession of two loaded guns, and was admittedly actively engaged in evading arrest. As for claims of excessive force arising out of being hit by the marked police car during the search for Plaintiff, Plaintiff himself admits that

he ran out into the roadway without looking and was not aware the car was there. Defendants have presented evidence via disclosures that Plaintiff ran directly into the path of their vehicle. As for claims of excessive force arising from an Officer subduing Plaintiff by placing a foot on his back, Plaintiff also admits that this action happened *prior* to the time he was searched by police and in fact when he was still in possession of an illegal gun. Furthermore, the mere act of holding Plaintiff down on the ground with a foot cannot be considered "excessive." Considering the circumstances, all of the actions of the Defendants must be considered reasonable in this context – there is no evidence that the Officers' conduct was unreasonable by any measure and thus no question of fact exists.

The evidence is clear that Plaintiff menaced his aunt with two loaded and illegal guns, that he ignored commands from police and fled, that he hid in between two cars, that he in fact was still in possession of a loaded gun at the time officers found him, that he sprinted out from between two cars when he was immediately struck by the police vehicle which was searching in the area for Plaintiff, that he was subdued prior to being searched, and that he subsequently pled guilty to criminal possession of a weapon and attempted burglary as a result of this incident. There can be no dispute that Defendants' actions here were justified, reasonable, and necessary to effectuate the arrest of Plaintiff and protect the residents of Long Beach and themselves. Plaintiff fails to make a prima facie case of any constitutional violations against Defendants and as such, Defendants now seek permission to make a motion for summary judgment based upon the above facts and law and seeking dismissal of the Complaint in its entirety as a matter of law.

Thank you for your attention to this matter.

**CAMPOLO, MIDDLETON
& McCORMICK, LLP**

By: *Meghan M. Dolan*

    **Meghan M. Dolan, Esq.**

cc:    LaChance Deon Bryant
       DIN No.: 17A3781
       c/o Five Points Correctional Facility
       State Route 96, P.O. Box 119
       Romulus, New York 14541